IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HAIRO GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 3:12-cv-00354 |
| | ) | |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) | JUDGE TRAUGER |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
AND MEMORANDUM OF LAW IN SUPPORT OF MOTION**

Comes now the Plaintiff, Hairo Garcia, by and through his undersigned counsel, and respectfully moves this Court pursuant to Fed. R. Civ. P. 65 for an order temporarily restraining Defendants Department of Homeland Security (DHS), United States Immigration and Customs Enforcement (ICE) and Field Office Director Philip Miller (Miller) from enforcing Mr. Miller's determination to treat Plaintiff as an "arriving alien" at the time of his parole into the United States. This Motion is supported by the memorandum of law (incorporated below), the attached exhibits, and the Verified Complaint in this matter which is incorporated herein by reference.

**MEMORANDUM**

**I. INTRODUCTION**

Mr. Garcia filed this action for declaratory and injunctive relief on Friday, April 6, 2012. The following Tuesday, April 10, 2012, Defendants DHS and ICE granted Plaintiff Significant Public Benefit Parole, valid for a period of one year, which would allow him to return to the United States. Among the last steps before Mr. Garcia's return – and, in all likelihood, the voluntary dismissal of this case – was to determine the amount of the immigration bond he would need to pay in order to secure his release from ICE detention upon return to American

1

soil. However, ICE New Orleans Field Office Director Defendant Miller, abruptly and unilaterally determined that Mr. Garcia will be classified as an "arriving alien who was previously deported." The practical consequence of this decision is that Defendant Miller has asserted for himself the sole, unreviewable power to pronounce when and under what conditions ICE will release Mr. Garcia from detention upon his return to the United States.

Mr. Garcia seeks an order temporarily restraining Defendant Miller's decision because it is an abuse of discretion, irreconcilable with ICE's current policy and contrary to clearly established law, and because it violates Mr. Garcia's due process rights. This order is immediately necessary to prevent Mr. Garcia from being forced to voluntarily subject himself to prolonged, unlawful detention in order to exercise his undisputed right to return to the United States pursuant to the *status quo ante* in effect before his vacated removal order.

## II. FACTUAL BACKGROUND[1]

Less than three working days after Mr. Garcia filed this action, DHS granted him Special Public Benefit Parole.[2] This parole is valid for one year.[3] Shortly after receiving this parole document, undersigned counsel asked counsel for the Defendants to ascertain what Mr. Garcia's immigration bond would be.[4] On April 20, 2012, counsel for the Defendants transmitted Defendant Miller's response:

---

[1] All allegations in the Verified Complaint and declarations attached thereto, as well as the facts of the attached Declaration and accompanying Exhibits are hereby incorporated by reference. The facts set forth in are thus only thus necessary to determine the outcome of Plaintiff's Motion for Temporary Restraining Order.

[2] Exhibit A, Attached to Ozment Decl.

[3] *Id.*

[4] Ozment Decl. ¶¶ 4, 6-7.

Mr. Garcia will be an arriving alien who was previously deported. As an arriving alien, he is ineligible for bond. Therefore, Mr. Garcia will be detained pending judicial review.[5]

Mr. Garcia was not charged as an arriving alien in his immigration court proceeding.[6]

DHS Trial Counsel has moved the Memphis Immigration Court to advance Mr. Garcia's court date on the calendar to May 2, 2012 from its presently scheduled October 2012 date.[7] Mr. Garcia is presently scheduled to leave Guatemala for the United States on Friday, April 27, 2012.[8]

### III. ARGUMENT

#### A. The Court Should Temporarily Enjoin Defendant Miller's Determination That Plaintiff Garcia Will Be Treated As An Arriving Alien.

The elements to be considered in deciding whether to issue or withhold a temporary restraining order ("TRO") are (i) whether the movant has shown a substantial likelihood of probability of success on the merits; (ii) whether the movant has shown irreparable injury; (iii) whether the issuance of a temporary restraining order would harm third parties; and (iv) whether the public interest would be served by issuing the temporary restraining order. *Memphis Planned Parenthood, Inc. v. Sundquist*, 174 F.3d 456, 460 (6th Cir. 1999). When an agency action is involved, the Court should balance the actual irreparable harm to the Plaintiff and the potential harm to the government. *Gonzales v. O Centro Espirita Beneficente Uniao Do Vegetal*, 514 U.S. 418 (2006).

> ***i. Plaintiff Demonstrates a Substantial Likelihood of Success On the Merits.***

---

[5] Exhibit B, Attached to Ozment Decl.

[6] Exhibit E, Attached to Ozment Decl.

[7] Ozment Decl. ¶¶ 9-10.

[8] Ozment Decl. ¶ 11.

3

Informal agency action must be set aside if it fails to meet statutory, procedural or constitutional requirements, or if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 413-14 (1971) (construing 5 U.S.C. § 706(2)(A)-(D)). Defendant Miller's decision to classify Mr. Garcia as an arriving alien is an informal agency action which violates the Administrative Procedure Act ("APA") because it is arbitrary, capricious, an abuse of discretion, and otherwise contrary to law.

> 1. Respondents who prevail on motions to reopen are entitled to return to the *status quo ante* in effect before the removal order was entered.

When a court rules favorably for a respondent on a motion to reopen, the removal order itself is vacated. *Nken v. Holder*, 556 U.S. 418, 430 (2009). As the Supreme Court stated in *Nken*:

> [A] determination that the BIA should have granted Nken's motion to reopen *would necessarily extinguish the finality of the removal order*. See Tr. of Oral Arg. 42 (Acting Solicitor General) ("[I]f the motion to reopen is granted, that vacates the final order of removal and, therefore, there is no longer a final order of removal pursuant to which the alien could be removed.").

*Id.* (emphasis added).[9]

---

[9] *See also Bronisz v. Ashcroft*, 378 F.3d 632, 637 (7th Cir. 2004) (holding that "the grant of a motion to reopen vacates the previous order of deportation or removal and reinstates the previously terminated immigration proceedings"); *Lopez-Ruiz v. Ashcroft*, 298 F.3d 886, 887 (9th Cir. 2002) ("The BIA's granting of the motion to reopen means there is no longer a final decision to review"); *Su Mei Yan v. AG of the United States*, 391 Fed. App'x. 226, 229 (3d Cir. 2010) (unpublished) ("The grant of Yan's motion to reopen vacated the 1993 order of deportation and continued the original proceedings"); *Suharti v. United States AG*, 349 Fed. Appx. 443, 450 (11th Cir. 2009) (unpublished) ("The BIA's sua sponte reopening of the immigration proceedings on . . . March 6 2006 rendered the BIA's 28 June 2005 order non-final…. See AR at 228-29 (vacating its June 28, 2005, order)"); *Excellent v. Ashcroft*, 359 F. Supp. 2d 333 (S.D.N.Y. 2005) ("When the BIA grants a motion to reopen, as it did here, the previous order of deportation is vacated").

4

In *Nken*, the government took the position that it facilitates the return to the United States of persons who prevail on their petition for review, and "accord[s] them the status they had at the time of removal." *Nken v. Holder*, Brief for Respondent at 44, 2009 U.S. S. Ct. Briefs LEXIS 15, *76 (Jan. 7, 2009).[10] The Supreme Court, citing the government's brief, reached this same conclusion, stating that persons who prevail on their petition from review "can be afforded effective relief by facilitation of their return, along with *restoration of the immigration status they had upon removal*."[11] *Nken*, 556 U.S. at 435 (emphasis added). Restoring a person to his or her status prior to the removal order requires that the consequences of the removal do not apply.

In *Li v. Mukasey*, the Sixth Circuit similarly articulated the rationale for returning respondents to the *status quo ante* following their successful motions to reopen:

> Because the existence of error in the original decision forms the basis for reconsideration, the BIA has held that when it grants a motion to reconsider it is "in effect placing [itself] back in time and considering the case as though a decision in the case on the record before us had never entered." *Matter of Cerna*, 20 I. & N. Dec. 399, 402 (1991). Elaborating on the BIA's decision in *Cerna*, the Second Circuit explained that when the BIA grants a motion to reconsider "the Board considers the case anew as it existed at the time of the original decision." *Ke Zhen Zhao v. United States DOJ*, 265 F.3d 83, 90 (2d Cir. 2001).

515 F.3d 575, 578 (6th Cir. 2008). Thus, pursuant to the Supreme Court's decision in *Nken* and Sixth Circuit's decision in *Li*, a respondent who prevails on a motion to reopen is entitled to the restoration of the status he or she was in prior to the entry of the removal order.

---

[10] The Solicitor General's position is the agency's position. *United States v. Providence Journal*, 485 U.S. 693, 699-700 (1988).

[11] *Nken* involved judicial review of *a motion to reopen*. *See Nken*, 518 U.S. at 421 (following denial of motion to reopen, petitioner sought judicial review and requested a stay of removal). Regardless whether a court of appeals finds the original order unsustainable or the agency reopens a case to ensure a lawful disposition, the fundamental principle is the same: the underlying order has been vacated, and thus, the person is restored to his or her status prior to removal.

5

Strikingly, Defendants ICE and DHS themselves expressly disavow the position Defendant Miller has taken. On its website page entitled "Frequently Asked Questions about ICE Policy Directive Number 11061.1, Facilitating the Return to the United States of Certain Lawfully Removed Aliens," available at http://www.ice.gov/about/offices/enforcement-removal-operations/publicadvocate/faq.htm, Defendant ICE states the following:

> **If ICE facilitates my return to the United States after my petition for review has been granted, what will my immigration status be, if any?**
>
> ICE will regard you as returning to the status you had just prior to the administrative order that the federal court has reversed or vacated. For instance, if you had been a lawful permanent resident (LPR) just prior to the entry of a final removal order in your case, and the court's decision vacates that order, ICE will consider your LPR status to be reinstated. LPRs are generally permitted to enter and reside in the United States, and ICE will therefore generally facilitate your return to the United States. Because ICE regards you as returning to your prior status, **ICE will not treat you as an arriving alien unless you had been charged as an arriving alien prior to removal**.

(emphasis added).

As discussed above, there is no meaningful legal distinction between a respondent who prevails after a petition for review and one who successfully moves to reopen after being removed from the United States. In both cases, the individual's prior removal order has been vacated. In both cases, the agency must consequently return that individual to the *status quo ante* prior to the entry of the removal order. Defendant Miller has therefore violated the spirit – if not the letter – of ICE's express policy, in addition to that announced by the government in *Nken* and relied upon by the U.S. Supreme Court.

Finally, Defendant Miller's actions violate Mr. Garcia's right to due process by depriving him of the right to be returned to the *status quo ante* without a hearing or opportunity to challenge this determination, and by substantially interfering with his ability to participate in his removal proceeding and exercise all rights inherent therein.

2. <u>Because DHS did not charge Mr. Garcia as an arriving alien in his original removal proceeding, it cannot do so when it returns him to the *status quo ante*.</u>

For Mr. Garcia, the *status quo ante* is the status alleged in the charging document DHS filed against him, namely, "an alien present in the United States without being admitted or paroled."[12] Significantly, DHS did not check the box on the Notice to Appear next to, "You are an arriving alien." Consequently, Defendant Miller's designation of Mr. Garcia as an arriving alien is unambiguously contrary to the "restoration of status" the Solicitor General promised the Supreme Court would occur, and that the Supreme Court took as a given in deciding *Nken*. *Cf.* 8 U.S.C § 1225(a)(1) (Aliens treated as applicants for admission). Accordingly, Defendant Miller's categorization of Mr. Garcia as an arriving alien is an abuse of his discretion, arbitrary, capricious, and contrary to the clearly established law requiring DHS to return individuals who prevail on motions to reopen to the status they were in prior to being ordered removed. Thus, Mr. Garcia has shown a substantial likelihood of success on the merits.

### ii. *Plaintiff Is Suffering and Will Continue to Suffer Irreparable Harm Absent a Temporary Restraining Order*

The deprivation of a fundamental constitution right, if but for a moment, constitutes irreparable harm for the purposes of injunctive relief. *See, e.g., Elrod v. Burns*, 427 U.S. 347 (1976); *see also* 11 C. Wright & A. Miller, *Federal Practice & Procedure*, § 2948, at 440 (1973) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.").

Mr. Garcia has now been in Guatemala and separated from his U.S. citizen children for over a year and a half. After nearly winning his battle to return to the United States and to the *status quo ante* in effect before his January 2010 removal order, Mr. Garcia now stands to lose in

---

[12] *See* DHS Form I-862, Notice to Appear (Jun. 20, 2007).

7

Case 3:12-cv-00354   Document 4   Filed 04/24/12   Page 7 of 10 PageID #: 36

substance by being detained indefinitely without an independent review or an opportunity to pay an immigration bond. In addition, DHS Trial Counsel in Memphis recently requested that the Memphis Immigration Court advance Mr. Garcia's immigration case on the calendar from October to May 2, 2012. Undersigned counsel has not objected to that motion. Mr. Garcia's looming indefinite, unlawful detention as a result of Defendant Miller's actions is substantially interfering with Mr. Garcia's ability to make a scheduled flight from Guatemala to Chicago on Friday, April 27, 2012 and appear before the Immigration Judge.

### iii. *A Temporary Restraining Order Will Not Harm Third Parties*

Because Defendant Miller's actions pertain only to Mr. Garcia and are in direct conflict with Defendant ICE's publicly stated policies regarding classification of individuals who prevail on post-removal order motions to reopen as arriving aliens, no conceivable harm to third parties will occur as a result of the order Mr. Garcia seeks.

### iv. *Issuance of a Temporary Restraining Order Is In The Public Interest*

The public's interest always weighs in favor of protecting fundamental constitutional rights like the right to Due Process at issue here. *See G&V Lounge v. Michigan Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994). *See also Chabad of Southern Ohio & Congregation Lubavitch v. City of Cincinnati,* 363 F.3d 427 (6th Cir. 2004). Mr. Garcia has therefore met the test for a temporary restraining order, and this Court should accordingly grant his motion.

## B. CONCLUSION

For the foregoing reasons, this Court should temporarily enjoin Defendant Miller's classification of Mr. Garcia as an arriving alien.

8

Case 3:12-cv-00354   Document 4   Filed 04/24/12   Page 8 of 10 PageID #: 37

Date: April 24, 2011  Respectfully submitted,

/s/_____
Elliott Ozment (BPR # 4331)

/s/_____
R. Andrew Free (BPR # 30513)
Law Offices of Elliott Ozment
1214 Murfreesboro Pike
Nashville, TN 37217
Phone: (615) 321-8888
Fax: (615) 321-5230
Elliott@ozmentlaw.com
afree@ozmetlaw.com

*Counsel for all Plaintiff*

## CERTIFICATION OF NOTICE TO OPPOSING PARTIES/COUNSEL

The undersigned has given notice to counsel for the Defendants that Plaintiff intended to seek this Temporary Restraining Order prior to filing it with the Court. Notice was given telephonically.

/s/_____
Elliott Ozment (BPR # 4331)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| HAIRO GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 3:12-cv-00354 |
| | ) | |
| DEPARTMENT OF HOMELAND SECURITY, et al., | ) | JUDGE TRAUGER |
| | ) | |
| | ) | |
| Defendants. | ) | |

**(PROPOSED) ORDER**

This matter is before the Court on the Plaintiff's Motion for Temporary Restraining Order and, after thorough consideration, the Court finds that the motion is well taken and should be granted. Defendant Miller is hereby enjoined from classifying Mr. Garcia as an arriving alien, and is further enjoined from making any further decision or classification inconsistent with the *status quo ante* that was in effect prior to the entry of the now-vacated removal order.

This matter is to be set for a hearing on a preliminary injunction by agreement of the parties and the Court within 14 days of this order or at such time as the parties may agree.

It is SO ORDERED on this date _____of_____, 2012.

_____

Judge

10

Case 3:12-cv-00354   Document 4   Filed 04/24/12   Page 10 of 10 PageID #: 39